Curia, per

'Earle, J.
The Act of 1824, (6 Stat. So. Ca., 239,) makes the jurisdiction of justices of the peace exclusive, “ in matters of contract, to the amount of twenty dollars,” with the right of appeal. Upon the construction of. that Act, it would seem strange that there should be a difference of opinion, or that there should be any doubt that the jurisdiction depends on the sum proved, and not upon the amount claimed. If it were otherwise, the plaintiff might easily evade the Act, by inserting a. plausible claim in his process, upon which some evidence might b’e offered, although he might know that it would be rebutted. Every plaintiff should be prepared to furnish satisfactory proof of the debt due to him, or of the value of that which he claims; and, if it be at all doubtful, let him, for safety, restrict his demand to twenty dollars, as was done in Goldthwaite vs. Dent, (3 M’C. R. 296,) where a justice, upon'a quantum meruit for services, gave judgment for twenty dollars; the proof being that the services were worth from fifteen to fifty dollars. The Court said, “ it does not follow, because the plaintiff may have charged more, that he may not charge and recover less.” If the construction contended for were adopted, it would be easy for the parties, plaintiff and defendant, by agreement, to secure the jurisdiction of the Court, and evade the wholesome provisions of the Act, which were intended to confine such small and mean causes within the inferior jurisdiction'.
The precise question has been several times decided, and cannot be considered as any longer open for argument. Da *167 vidson vs. Setzler, (3 MSS. D. 669,) decided in 1827, was like the .case now before us. It was a summary process, tried before Mr. Justice Gantt, at Newberry. The plaintiff’s demand was an account of $21 50, for goods sold and delivered. She furnished proof to the amount of $16 81, but failed, as to the balance of the amount, to produce legal and competent evidence. A motion for a non-suit was made, which his Honor overruled, on the ground that the plaintiff’s real cause ol action was within the jurisdiction of the court, and it was her misfortune, not her fault, that she failed to establish two items, under the usage and practice of the court. He therefore gave the plaiatiff a decree for the amount proved, and leave to discontinue as to the items not proved. The motion for non-suit was renewed in the court of appeals, and was granted. The court said, “ the Act of 1824 has made the jurisdiction of magistrates exclusive, to the amount of twenty dollars, and therefore the court has no longer any authority to act in such cases. If the plaintiff fail to prove his account, and cannot shew cause for postponement, let him submit to a non-suit and commence his action again.”
In Harris vs. Overby, (4 MSS. D. 491,) tried in 1829, plaintiff brought assumpsit for one hundred dollars for services rendered as a physician to the defendant’s daughter, and proved the defendant’s promise to pay. This vvas rebutted by other evidence, that the plaintiff undertook to make an effectual cure, or to charge only five dollars; that the patient was not cured, and that the defendant’s promise to pay 100 dollars was made under a mistaken belief of her being cured. The Judge charged that the plaintiff, on that proof, could only recover five dollars. But the jury found for the defendant, and the plaintiff appealed. The Court held that the amount proved “was exclusively within a magistrate’s jurisdiction ; and, if a plaintiff- may, by superadding a fictitious cause of action' to the real demand, transfer the cause to the circuit court, and recover a judgment, the jurisdiction of magistrates will be annihilated, in violation of the law, and *168 to the great delay of public justice.” I have referred thus: minutely to these cases, because they are not reported, and may not otherwise become known to the bar. They were followed by Ferguson vs. Teemster, (1 Bail. 516,) where, in covenant by landlord against tenant for not making repairs to demised premises, the plaintiff proved the value of the repairs to be 15 dollars, and was non-suited. It was held, that the demand was exclusively within the jurisdiction of a justice of the peace.
Next followed the case of Caldwell vs. Garmany, (4 MSS.D. 442,) decided in December, 1836, which was a sum. pro.on the warranty of soundness of a horse; and Mr. Justice Butler non-suited the plaintiff on proof that his damage did not exceed twenty dollars, after hearing witnesses on both sides.
It is supposed that the case of Nance vs. Palmer, (2 Bail. 88,) is in conflict with the decisions referred to, and that we' are overruling'that case. Such is not the opinion of a majority of the court. In that case, a motion for non-suit was-made in the circuit court, after a verdict for the plaintiff, upon ’the evidence. It was refused, and the decision was affirmed by the court of appeals, on the ground that, according to-settled rules of practice and pleading, the plaintiff could not he non-suited after he had a verdict'. Mr. Justice Johnson,in delivering the judgment of the court, alludes to the practice of the courts, in cases where the plaintiff has deceitfully and without any pretence, superadded a fictitious cause of action to a meritorious one, in order to secure a particular jurisdiction, by enlarging the amountand cites the case of The Cambridge Association vs. Nichols, (1 T. Const. R. 121.) That was upon the construction of the Act of 1769, (P. L. 270,) creating the summary jurisdiction, which authorized the courts to determine in a summary way “ all causes cognizable in the said courts, for any sum not exceeding ¿£20 sterling.” The jurisdiction there, is made to depend upon the cause of action, the sum- or amount of the demand claim- *169 ed; and the decision in 1 Tread, is not, at variance with the view we take of the Act of 1824. Even there, and in cases of like kind, if the demand of the plaintiff, sued for in the general jurisdiction, were reduced by proof of actual payment, to a sum within the summary jurisdiction, the result would be to deprive the plaintiff of more than summary process costs. (
In the United States Courts, where the jurisdiction depends upon the amount or sum, the Acts of Congress use the words “matter in dispute.” There, the proceedings are stayed at any stage, when it is made to appear that the case is without the jurisdiction. Such too is the practice of the English Courts; not on the mere suggestion of the defendant that the sum or debt is too small; but, according to later authorities, always on the affidavit of the defendant, if not denied by the plaintiff; or upon any admission or acknow-ledgement of the plaintiff, that such is the fact. (2 Black. Rep. 754; 4 T. R. 495; 5 T. R. 64.) Under the former practice, when proceedings were not stayed upon mere affidavit, it was said, in (2 Ld. Raym. 1304,) “it ought to appear upon the trial, that the cause of action was under forty shillings.” From which I infer, if it had so áppeared on trial, that the plaintiff could not have had judgment.
If, in Nance vs. Palmer, the motion had been in arrest of judgment, I do not perceive how it could have been refused, without overruling the previous cases of Davidson vs. Setzler, Harris vs. Overby, and Ferguson vs. Feemster. But as the motion was for a non-suit, after the defendant had gone to a jury on the merits, and the plaintiff had a verdict, on rules of practice, it. was properly refused. It is urged that the plaintiff having offered evidence, on that part of his demand which is rejected, enough to put the defendant to proof, makes a different case to which those cited do not apply. But Harris vs. Overby was precisely the same; and in Davidson vs. Fetzler, the presiding judge was satisfied that *170 the z-ejected items were not fictitious and pretended, but were just. A plaintiff may bring an action by sum. pro. with a certainty of recovering over 20 dollars; but, (his demand consisting of several particulars,) a witness to prove some of them dies before trial, or removes, or is accidentally absent, so that he can only prove a demand under 20 dollars. He would Stand on stronger grounds of equity and reason, than a plaintiff who includes demands which the defendant proves to be unjust. Why should the latter recover any part of his demand, and the former be non-suited for want of jurisdiction?
The construction given to the Act of 1824, is congenial to the spirit of former legislation on the same subject; for the Act of 1747, (P. L. 213,) which created the jurisdiction of justices of the peace in civil .actions, declared, that all suits, for the recovery of debts, demands, or damages, to the value of £20, or under, whereby' it should appear that the plaintiff has been damnified to no higher value, should be triable only before a justice, and in no other court whatever; making the jurisdiction to depend on the amount, or sum proved on the trial,
Without overturning Nance vs. Palmer, or denying its authority, we think that the plaintiff in the case before us, having established a demand under twenty dollars, was not entitled to* a decree. The decree which was pronounced in his favour is set aside, and the motion for non-suit is granted.
Evans and Butler, ,JJ. concurred.